# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **RAYMOND G. HILDEBRAND,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| v. ) | |
| ) | **No. 09-2154-CM** |
| ) | |
| **PAR NETWORK, INC.,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## MEMORANDUM AND ORDER

Plaintiff brings this pro se action against defendant Par Network, Inc., alleging breach of contract, fraudulent conversion, tortious interference, and violations of 18 U.S.C. §§ 1342 and 1343. Defendant filed counterclaims against plaintiff that allege breach of contract, breach of good faith and fair dealing, negligent misrepresentation, fraudulent misrepresentation, tortious interference, and unjust enrichment/restitution. This matter arises from multiple contracts executed between the parties in which defendant was to write and distribute the life story of plaintiff. Defendant's Motion to Stay This Matter and Compel Plaintiff's Claims to Arbitration (Doc. 6) is currently pending before the court.

The court will address defendant's motion as unopposed under Local Rule 7.4 because plaintiff failed to file a timely response. Although not required to do so, the court allowed plaintiff an additional opportunity to "show cause" why he failed to respond to defendant's motion. Plaintiff did not respond to the court's order to show cause. For the following reasons, the court grants defendant's motion.

**I.      Factual Background**

Plaintiff filed this matter on March 31, 2009 and filed an amended complaint on April 20, 2009. Plaintiff also filed two pleadings setting forth "additional history of this case" (Docs. 13 & 19). Plaintiff's pleadings specifically mention two contracts—an August 9, 2000 Writing, Production and Distribution Agreement and a December 27, 2003 Writing, Production and Distribution Agreement.[1] Neither agreement contains an arbitration clause. However, defendant argues that plaintiff's claims involve multiple, inter-related contracts, including a December 27, 2003 Writer Agreement ("Writer Agreement"); a December 27, 2003 Writer Work for Hire Agreement Writer's Certificate; a December 27, 2003 Assignments for Rights Agreement, The Ray Hildebrand Story; and a December 27, 2003 Assignment of Rights and Agreement to Provide Services. Defendant also asserts that this matter is governed by the Hey Paula LLC Operating Agreement ("Operating Agreement"). The agreements all relate to the creation of a motion picture screenplay and book based on the life story of plaintiff, tentatively titled: "Hey Paula." Plaintiff does not dispute that his claims involve the agreements as set out in defendant's response. The Writer Agreement and the Operating Agreement contain Alternative Dispute Resolution ("ADR") clauses.

## II. Legal Standard

The Federal Arbitration Act ("FAA") "evinces a strong federal policy in favor of arbitration." *ARW Exploration Corp. v. Aguirre*, 45 F.3d 1455, 1462 (10th Cir. 1995) (citing *Shearson/Am. Express, Inc. v. McMahon*, 482 U.S. 220, 226 (1987)). When an agreement contains an arbitration clause, "a presumption of arbitrability arises. . . ." *Id.* (citing *AT & T Techs., Inc. v.*

---

[1] In his original Complaint, plaintiff identifies this agreement as being entered into on December 12, 2003; however, in his amended Complaint he attaches the contract, which is dated December 27, 2003.

*Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986)). The presumption of arbitrability does not apply, however, when the parties dispute whether a valid and enforceable arbitration agreement exists. *See Riley Mfg. Co. v. Anchor Class Container Corp.*, 157 F.3d 775, 779 (10th Cir. 1998) (citation omitted).

A defendant bears the initial burden of showing that an arbitration agreement is valid. *SmartText Corp. v. Interland, Inc.*, 296 F. Supp. 2d 1257, 1262–63 (D. Kan. 2003) (citations omitted); *Phox v. Atriums Mgmt. Co.*, 230 F. Supp. 2d 1279, 1282 (D. Kan. 2002). Once the defendant has met this burden, the plaintiff must show that a genuine issue of fact remains about the agreement. *SmartText Corp.*, 296 F. Supp. 2d at 1263; *Phox*, 230 F. Supp. 2d at 1282. "Just as in summary judgment proceedings, a party cannot avoid . . . arbitration by generally denying the facts upon which the right to arbitration rests. . . ." *Tinder v. Pinkerton Sec.*, 305 F.3d 728, 735 (7th Cir. 2002).

## III. Discussion

Defendant argues the court should order arbitration under two different agreements. First, defendant argues that plaintiff's claims concerning "plaintiff's equity interest" are subject to the ADR provisions of the Operating Agreement. Second, defendant argues that plaintiff's claims involving the August 9, 2000 Writing, Production and Distribution Agreement and the December 27, 2003 Writing, Production and Distribution Agreement invoke the ADR clause in the Writer Agreement.

### A. *Operating Agreement*

Count 4 of plaintiff's complaint alleges that defendant illegally took plaintiff's equity interest by breach of contracts, hostile takeover, fraud, trickery, deceit, and illegal endeavors. Defendant argues this claim is governed by the Operating Agreement because the Operating Agreement is the

only agreement concerning an ownership interest in Hey Paula LLC—it provides plaintiff a 21% ownership interest under certain circumstances. Plaintiff does not dispute that his claim relates to the Operating Agreement.

The Operating Agreement is between Hey Paula LLC, Media Management LLC, and all persons who have purchased units of Hey Paula LLC, which includes plaintiff. Article XIII of the Operating Agreement addresses dispute resolution. Paragraph 13.1 requires mediation of disputes arising out of or related to the Operating Agreement. If such disputes are not resolved by mediation, paragraph 13.2 requires binding arbitration under the rules and supervision of the American Arbitration Association. Based on the record before the court, defendant has met its burden to establish the arbitration agreement is valid and that it governs plaintiff's claims. Plaintiff has not presented any evidence to the contrary and on the record presented, it appears plaintiff's claim arises out of or, at the very least, is related to the Operating Agreement. Accordingly, the court finds that the ADR provisions in the Operating Agreement are enforceable and that plaintiff's claims involving his equity interest should be referred to mediation and, if necessary, arbitration.

### *B.* *Writer Agreement*

The Writer Agreement is between defendant, plaintiff, and David Cook (Mr. Cook is also the president of defendant Par Network, Inc.) and provides the following alterative dispute resolution clause:

> 1.0 ALTERNATE DISPUTE RESOLUTION:
>
> 11.1 In the case of an unresolved dispute by the parties to this Agreement, the parties agree to first submit any such dispute to arbitration before a panel of three industry experts, one expert to be chosen by each party hereto and the third expert to be chosen by first two selected. The parties agree that any such decision, while non-binding, may be used in any subsequent legal proceeding to the extent one or both of the parties hereto elects not to follow the arbitration panel's decision. To the extent the

> parties agree either beforehand or during the arbitration proceeding that the panel's decision shall be binding, then, thereafter, neither party shall have the right to appeal the decision of the arbitration panel, and this provision may be asserted as an affirmative defense to any such subsequent claim or appeal.

Defendant contends that plaintiff's claims arising from the agreements specifically mentioned in the complaint—the August 9, 2000 Writing, Production and Distribution Agreement and the December 27, 2003 Writing, Production and Distribution Agreement—are subject to the ADR provision in the Writer Agreement. Defendant argues that the agreements should be considered together because the December 27, 2003 Writing, Production and Distribution Agreement was entered into on the same day and as part of a series of contracts that included the Writer Agreement. Under Kansas law, "[a] court may ascertain the existence and terms of an agreement from a combination of written instruments and the acts of the parties in connection therewith." *Ed Bozarth Chevrolet, Inc. v. Black*, 96 P.3d 272, 276 (Kan. Ct. App. 2003). "Documents which are executed at different times, but in the course of the same transaction concerning the same subject matter, will be construed together to determine the intent of the parties to the contract." *Hollenbeck v. Household Bank*, 829 P.2d 903, 907 (Kan. 1992).

Plaintiff does not dispute defendant's contention that these agreements were executed as a series. Here, the agreements not only concern the same subject matter—the creation and distribution of the life story of plaintiff—they were executed on the same day. Based on the record before the court, the court finds that the agreements relating to creating, writing, and distributing plaintiff's life story should be considered together. The arbitration clause in the Writer Agreement is broad, covering "unresolved dispute[s] by the parties to this Agreement." This dispute is between two parties to the agreements, Par Network Inc. and Raymond Hildebrand. Thus, the court finds the arbitration agreement enforceable and that the claims regarding the agreements are subject to the

ADR provision.

After considering all of the evidence of record and the positions of the parties, the court stays this litigation pending the mediation and/or arbitration of plaintiff's claims.

The ADR provisions are enforceable, and thus, dismissal is inappropriate. While section 3 of the FAA requires the court to stay litigation when claims are properly referable to arbitration, it does not provide for dismissal of the case. The FAA does not deprive the court of jurisdiction over claims subject to arbitration. *The Anaconda v. Am. Sugar Refining Co.*, 322 U.S. 42, 44 (1944). The court will therefore impose a stay as to the claims in this case. *See Meyer v. Dans un Jardin, S.A.*, 816 F.2d 533, 538–39 (10th Cir. 1987). Because plaintiff's claims are subject to ADR, the court denies the remaining pending motions without prejudice. Accordingly, Defendant's Motion to Dismiss for Failure to State a Claim upon Which Relief May Be Granted and for the Lack of Subject Matter Jurisdiction (Doc. 4) and Motion to Strike Defense to Counterclaim (Doc. 12) are denied without prejudice. The motions may be re-filed after the stay is lifted.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Stay This Matter and Compel Plaintiff's Claims to Arbitration (Doc. 6) is granted.

**IT IS FURTHER ORDERED** that the court compels mediation of Count 4 of plaintiff's Complaint. In the event mediation is unsuccessful, the court compels the parties to arbitrate this claim.

**IT IS FURTHER ORDERED** that the court compels arbitration between the parties of plaintiff's claims arising from the August 9, 2000 Writing, Production and Distribution Agreement and the December 27, 2003 Writing, Production and Distribution Agreement.

**IT IS FURTHER ORDERED** that the court stays this case pending resolution of the

mediation and/or arbitration of plaintiff's claims.  The parties are directed to report to the court in writing no later than March 1, 2010, concerning the status of that mediation and/or arbitration in the event that the case has not been terminated earlier.  Failure to report to this court will lead to dismissal of this case for lack of prosecution.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss for Failure to State a Claim upon Which Relief May Be Granted and for the Lack of Subject Matter Jurisdiction (Doc. 4) and Motion to Strike Defense to Counterclaim (Doc. 12) are denied without prejudice.

Dated this 30th day of November 2009, at Kansas City, Kansas.

          **s/ Carlos Murguia**
          **CARLOS MURGUIA**
          **United States District Judge**