# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RAYMOND G. HILDEBRAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 09-2154-CM |
| ) | |
| PAR NETWORK, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Plaintiff brings this pro se action against defendant Par Network, Inc., alleging breach of contract, fraudulent conversion, tortious interference, and violations of 18 U.S.C. §§ 1342 and 1343. Defendant filed counterclaims against plaintiff that allege breach of contract, breach of good faith and fair dealing, negligent misrepresentation, fraudulent misrepresentation, tortious interference, and unjust enrichment/restitution. This matter arises from multiple contracts executed between the parties in which defendant was to write and distribute the life story of plaintiff. Pursuant to a motion by defendant, the court stayed the proceeding and ordered mediation and arbitration on December 21, 2009. It appears the parties have not yet participated in any Alternative Dispute Resolution (ADR) proceedings. Plaintiff now requests that the court dismiss this case. For the following reasons, the court denies plaintiff's Motion To Dismiss the Case (Doc. 26).

Pursuant to Federal Rule of Civil Procedure 41(a)(2), the court may allow a plaintiff to voluntarily dismiss an action "upon such terms and conditions as the court deems proper." Fed. R. Civ. P. 41(a)(2). "The rule is designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Brown v. Baeke*, 413 F.3d

1121, 1123 (10th Cir. 2005) (quotation omitted). "The district court should endeavor to insure substantial justice is accorded to both parties." *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997). The court normally should grant a motion for voluntary dismissal "[a]bsent 'legal prejudice' to the defendant." *Brown*, 413 F.3d at 1123 (quotation omitted). When determining "legal prejudice" the court is obligated to consider the novelty of the circumstances of the case. *Ohlander*, 114 F.3d at 1537. The court should consider the relevant factors, including: "the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of litigation." *Id.* (citing *Phillips U.S.A., Inc. v. Allflex U.S.A., Inc.*, 77 F.3d 354, 358 (10th Cir. 1996)).

Under Rule 41(a)(2), the court may impose terms upon the dismissal of a plaintiff's claim, such as payment of attorney's fees or a limitation on the refiling of certain claims. *See Gonzales v. City of Topeka Kan.*, 206 F.R.D. 280, 283 (D. Kan. 2001) (citing 9 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2366, at 305–314 (1995)). "'Conditions are designed to alleviate any prejudice a defendant might otherwise suffer upon refiling of an action.'" *Id.* (quoting *Am. Nat. Bank & Trust Co. v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991)).

Defendant does not object to the dismissal of plaintiff's claims as long as the court rules on its pending motion for attorney's fees and does not dismiss defendant's claims against plaintiff. Plaintiff has not filed a reply addressing whether he agrees with these terms of dismissal. The court finds that dismissing plaintiff's claims under these circumstances would be unjust. Plaintiff is proceeding pro se. Defendant's motion for attorney's fees was not pending at the time he filed his motion to dismiss. Plaintiff's motion does not contemplate defendant's counterclaims, which appear to arise out of the same facts as plaintiff's claims. Defendant's counterclaim states that defendant's

"claims are so related to the claims in the Complaint that they form part of the same case or controversy." (Doc. 8.) Defendant suggests that it may wish to dismiss its claims in the future. Additionally, the stage of this proceeding does not lend itself to dismissal—this case is stayed pending ADR—and plaintiff's explanation of the need for a dismissal is insufficient. Because the claims and counterclaims arise from the same facts, the court finds that the best course of action under the circumstances is to continue the stay until the parties participate in ADR or until the court can dismiss all of the claims and counterclaims at the same time. Dismissing this case at the current stage of the proceeding would prejudice both parties. Accordingly, plaintiff's motion for dismissal is denied.

**IT IS THEREFORE ORDERED** that plaintiff's Motion To Dismiss the Case (Doc. 26) is denied.

Dated this 9th day of March 2010, at Kansas City, Kansas.

                                               **s/ Carlos Murguia**
                                               **CARLOS MURGUIA**
                                               **United States District Judge**