# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

RAYMOND G. HILDEBRAND,              )
                                    )
       Plaintiff,              )
                                    )  CIVIL ACTION
v.                                  )
                                    )  No. 09-2154-CM
                                    )
PAR NETWORK, INC.,                  )
                                    )
       Defendant.              )
                                    )

## MEMORANDUM AND ORDER

Plaintiff brings this pro se action against defendant Par Network, Inc., alleging breach of contract, fraudulent conversion, tortious interference, and violations of 18 U.S.C. §§ 1342 and 1343. Defendant filed counterclaims against plaintiff that allege breach of contract, breach of good faith and fair dealing, negligent misrepresentation, fraudulent misrepresentation, tortious interference, and unjust enrichment/restitution. This matter arises from multiple contracts executed between the parties in which defendant was to write and distribute the life story of plaintiff. Pursuant to a motion by defendant, the court stayed the proceeding and ordered mediation and arbitration on December 21, 2009.

This matter is currently before the court on Defendant's Motion and Suggestions in Support of Attorney Fee Award Pursuant to Terms of Parties['] Agreement (Doc. 27) and Plaintiff's Motion and Suggestion to Deny Defendant's Award of Attorney Fees and Mediation (Doc. 30). For the following reasons, the court denies defendant's motion and grants in part and denies in part plaintiff's motion.

**I.    Factual Background**

Plaintiff filed this matter on March 31, 2009 and filed an amended complaint on April 20, 2009. Plaintiff also filed two pleadings setting forth "additional history of this case" (Docs. 13 & 19). Plaintiff's pleadings specifically mention two contracts—an August 9, 2000 Writing, Production and Distribution Agreement and a December 27, 2003 Writing, Production and Distribution Agreement.[1] On April 21, 2009, defendant filed a Motion to Stay This Matter and Compel Plaintiff's Claims to Arbitration (Doc. 6) ("Motion to Stay"). Plaintiff did not respond to the motion. Although not required to do so, the court allowed plaintiff an additional opportunity to "show cause" why he failed to respond to defendant's motion. Plaintiff did not respond to the court's order to show cause. Because plaintiff did not respond to defendant's motion, the court addressed defendant's motion as unopposed under Local Rule 7.4.

In its Motion to Stay, defendant argued that plaintiff's claims involve multiple, inter-related contracts, including a December 27, 2003 Writer Agreement ("Writer Agreement"); a December 27, 2003 Writer Work for Hire Agreement Writer's Certificate; a December 27, 2003 Assignments for Rights Agreement, The Ray Hildebrand Story; a December 27, 2003 Assignment of Rights and Agreement to Provide Services; and the Hey Paula LLC Operating Agreement ("Operating Agreement"). Plaintiff did not dispute that his claims involve the agreements as set out in defendant's response. The Writer Agreement and the Operating Agreement contain Alternative Dispute Resolution ("ADR") clauses. Pursuant to those clauses, the court granted defendant's Motion to Stay (Doc. 24).

**II. Discussion**

---

[1] In his original Complaint, plaintiff identifies this agreement as being entered into on December 12, 2003; however, in his amended Complaint he attaches the contract, which is dated December 27, 2003.

Defendant seeks the attorney fees it incurred in filing its Motion to Stay. Defendant argues that it is entitled to its fees under Paragraph 13.2.5 of the Operating Agreement, which provides the following:

> Each party shall bear its own attorneys' fees associated with negotiation, mediation, and arbitration, and other costs and expenses shall be borne as provided by the rules of the American Arbitration Association. If court proceedings to stay litigation or compel arbitration are necessary, the party who unsuccessfully opposes such proceedings shall pay all associated costs, expenses, and attorneys' fees reasonably incurred by the other party.

Plaintiff argues that defendant's attorney's fee demand is "both substance and verb-age from additional 'Work for Hire' contracts that the Defendant has presented to the Court . . . ." (Doc. 30). Plaintiff is correct that the Operating Agreement was presented to the court by defendant. But this issue was before the court on defendant's Motion to Stay, to which plaintiff failed to respond despite multiple opportunities. The court has already determined that "[p]laintiff does not dispute that his claim relates to the Operating Agreement" and that "on the record presented, it appears plaintiff's claim arises out of or, at the very least, is related to the Operating Agreement." (Doc. 24.)

Based on the record before it, the court determined that the provisions in the Operating Agreement are enforceable and that plaintiff's claims involving his equity interest should be handled through ADR. Plaintiff cannot now argue that the Operating Agreement has "no weight or bearing on the Original Complaint and the 'Assignment of Rights Agreements' because they are 'Work for Hire' for the Defendant." (Doc. 30.) Accordingly, the court finds that Paragraph 13.2.5 of the Operating Agreement is applicable to the claims arising under the Operating Agreement.

Paragraph 13.2.5 requires the party who unsuccessfully opposes court proceedings to stay litigation or compel arbitration to pay all associated costs, expenses, and attorneys' fees reasonably incurred by the other party. As the court explained above, plaintiff did not oppose defendant's

Motion to Stay. He did not respond, even when the court ordered him to show cause. The court addressed defendant's motion as unopposed under Local Rule 7.4. Therefore, the court cannot award defendant its costs, expenses, and attorneys' fees under Paragraph 13.2.5.

To the extent, plaintiff is arguing that the court should not have ordered mediation for the same reasons—the Operating Agreement has "no weight or bearing on the Original Complaint and the 'Assignment of Rights Agreements' because they are 'Work for Hire' for the Defendant"—plaintiff's motion is denied. As the court pointed out, plaintiff did not oppose defendant's Motion to Stay and the court has already previously determined that some of plaintiff's claims relate to the Operating Agreement. Plaintiff has not filed this motion as a motion to reconsider, addressed the legal standard for reconsideration, or set forth valid arguments for reconsideration. The court therefore grants plaintiff's motion with respect to the attorney's fees on the grounds explained above, but denies any portion of plaintiff's motion attempting to address the court-ordered mediation.

For clarification, the court has imposed a stay as to the claims in this case due to the ADR ordered in the court's December 1, 2009 Memorandum and Order. The parties were ordered to report to the court in writing no later than March 1, 2010 concerning the status of mediation and/or arbitration (Doc. 24). The parties failed to do so. In light of the recent orders in this case, the court extends the status-report deadline to May 1, 2010. The parties are directed to report to the court in writing no later than May 1, 2010, concerning the status of the parties' mediation and/or arbitration in the event that the case has not been terminated earlier. Failure to report to the court will lead to dismissal of this case for lack of prosecution.

**IT IS THEREFORE ORDERED** that Defendant's Motion and Suggestions in Support of Attorney Fee Award Pursuant to Terms of Parties['] Agreement (Doc. 27) is denied.

**IT IS FURTHER ORDERED** that Plaintiff's Motion and Suggestion to Deny Defendant's Award of Attorney Fees and Mediation (Doc. 30) is granted in part and denied in part.

**IT IS FURTHER ORDERED** that the parties are directed to report to the court in writing no later than May 1, 2010, concerning the status of the parties' mediation and/or arbitration in the event that the case has not been terminated earlier. Failure to report to the court will lead to dismissal of this case for lack of prosecution.

Dated this 9th day of March 2010, at Kansas City, Kansas.

                                                   **s/ Carlos Murguia**
                                                   **CARLOS MURGUIA**
                                                   **United States District Judge**